MICHIGAN LAND & LUMBER CO., Limited, v. PACK et al.

SAME v. BUTMAN.

(Circuit Court of Appeals, Sixth Circuit. May 7, 1895.)

Nos. 179 and 180.

PUBLIC LANDS—SWAMP-LAND ACT—VESTING OF TITLE—ACT MARCH 3, 1857.
    Upon facts similar to those in Lumber Co. v. Rust, 68 Fed. 155, except
    that there had been, in this case, no approval of the lists of lands, in-
    cluding those in controversy, by the secretary of the interior, but only a
    selection thereof by the surveyor general and report by him to the com-
    missioner of the land office, the lists so reported having, afterwards, been
    superseded by other lists made in accordance with corrected surveys,
    held, that such selection was not confirmed by Act March 3, 1857 (11 Stat.
    251).

Error to the Circuit Court of the United States for the Eastern
District of Michigan.

These were two actions of ejectment by the Michigan Land &
Lumber Company, Limited, against Pack, Woods & Co. and Myron
Butman, respectively. Judgment was rendered in the circuit court
for the defendant in each case. Plaintiff brings error. Affirmed.

J. W. Champlin and Frank E. Robson, for plaintiff in error.

Hanchett, Stark & Hanchett and Humphrey & Grant, for defend-
ants in error.

Before TAFT and LURTON, Circuit Judges, and SEVERENS,
District Judge.

SEVERENS, District Judge. The controlling facts in each of
these cases are similar to those involved in the case of Same Plain-
tiff v. Rust (No. 178, just decided) 68 Fed. 155, and are subject to the
application of the same principles upon which that decision rests.
The most material difference in the facts consists in this: that in
these cases there was no approval and certification of the lands in
suit by the secretary of the interior, as in the Rust Case, but the
plaintiff founds its title upon the selection of lists of swamp lands
made by the surveyor general, and reported to the commissioner
of the general land office, in pursuance of the instructions of the
commissioner of November 21, 1850, in which the surveyor general
was directed to tender the option to the state in respect to the basis
on which the granted lands should be identified. Those lists, as
has been said, were never approved by the secretary, but were su-
perseded by other lists, which were made in correction of the mis-
takes in the former lists, upon the ascertainment of the frauds and
errors of the original survey. The old lists had been thus super-
seded before the passage of the act of March 3, 1857. We are en-
tirely unable to agree with the plaintiff in its contention that the
original selection of the surveyor general was confirmed by that
act. We do not think that congress intended to resurrect the lists
which had been already discarded because erroneous. But we have
discussed this subject in the principal case, and indicated the
grounds of our opinion so fully that it is unnecessary to repeat them

here. There is no other difference in the essential facts of the cases which requires especial consideration. The details vary, but not enough to affect the main drift of the facts or the principles applicable to them. We think the judgment in each of these cases should be affirmed.